IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Anthony Anderson, | ) |
|                 Plaintiff, | ) Civil Action No. 7:09-2574-HFF-WMC |
| vs. | ) **REPORT OF MAGISTRATE JUDGE** |
| Ziehm Imaging, Inc. aka Ziehm Imaging, GmbH, d/b/a Ziehn Academy, | ) |
|                 Defendant. | ) |

This matter is before the court on the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). The plaintiff alleges four causes of action against the defendant, his former employer: race discrimination, retaliation, breach of contract, and tortious interference with contract.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

**FACTS PRESENTED**

In his complaint, the plaintiff alleges the defendant refused to move him into a sales position because of his race, and also that he "was told that…(the defendant's) VP of Sales used a racially charged slur…and that the reason (he) was not being chosen was as a result of racial animus." Comp. ¶¶17,19-27. Regarding his claim for retaliation, the plaintiff's complaint alleges he "raise(d) concerns about the unfairness of his treatment" after supposedly being told of the above-referenced racial slur and the alleged reason he was not moved into a sales job, at which time he claims the defendant retaliated against him by "removing assets from the Ziehm Academy and providing him with impossible goals." *Id.* at ¶¶19, 28-34. In his tortious interference with a contract claim, the plaintiff alleges that he created a written work

for which he obtained a copyright before coming to work for the defendant, that he entered into a contract with a publisher for his copyrighted work whereby he would receive royalty payments from the sale of his work, and that the defendant interfered with that contract by reproducing his copyrighted work on the defendant's website in 2004. *Id.* at ¶¶7, 39-44.

## **ANALYSIS**

The defendant first argues that the plaintiff's race and retaliation claims should be dismissed as a matter of law because the plaintiff failed to exhaust his administrative remedies prior to filing the action. The defendant notes that Title VII of the Civil Rights Act of 1964, as amended, requires a plaintiff to first exhaust his administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") or a state or local agency. 42 U.S.C. § 2000e-5(b), (f)(1). However, as argued by the plaintiff, these claims were brought under 42 U.S.C. §1981 rather than Title VII. Section 1981 does not require exhaustion of remedies. *See Fordyce v. Doctors Community Hosp.*, C.A. No. DKC 08-2265, 2010 WL 672937, *3 (D. Md. 2010). Accordingly, the defendant's motion to dismiss should be denied on this ground.

The defendant next argues that the plaintiff's claims for retaliation and tortious interference with a contract should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) permits a party to move for dismissal if the opposing party fails to state a claim for which relief can be granted. Federal Rule of Civil Procedure 8(a) sets forth a liberal pleading standard, which requires only a " 'short and plain statement of the claim showing the pleader is entitled to relief,' in order to 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "To survive a Rule 12(b)(6) motion to dismiss, the facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief

2

that is plausible on its face.' " *Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570). Accordingly, a complaint does not require detailed facts; however, a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Furthermore, a complaint is insufficient if it provides bare assertions lacking additional factual support. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (U.S. 2009) (citing *Twombly*, 550 U.S. at 555). When determining a motion to dismiss pursuant to Rule 12(b)(6), the court must take all well-pled material allegations of the complaint as admitted and view them in the light most favorable to the non-moving party. *See De Sole v. U.S.*, 947 F.2d 1169, 1171 (4th Cir. 1991) (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

With regard to the retaliation claim, the defendant argues the complaint fails to allege any facts from which the court could determine that any adverse employment action was taken against the plaintiff by the defendant. The plaintiff alleged as follows in his complaint:

> After Plaintiff raises concerns about the unfairness of his treatment, Ziehm retaliated against Plaintiff by removing assets from the Ziehm Academy and providing him impossible goals. In July 2009, Plaintiff retained counsel and contacted Ziehm to try to resolve these disputes. After Ziehm received counsel's letter, they took further adverse action against Plaintiff and made various other threats and allegations against Plaintiff[.]

Comp. ¶ 18. As argued by the plaintiff, whether or not these actions rise to the level of adverse employment actions is a matter for development and discovery and is not appropriate at this stage on a motion to dismiss.

With regard to the tortious interference with contract claim, the plaintiff alleged as follows:

> 40. Plaintiff has a valid and binding contract with his publisher which requires payment of royalties for the publishing, licensing or reprinting of the material that Plaintiff produced in connection with "The Radiologic Technologist's Handbook of Surgical Procedures" published through CRC Press, LLC;
>
> 41. Prior to Plaintiff's employment with Ziehm, in or about 2004, Defendant wholesalely reproduced Plaintiff's protected work and

3

published the same on the internet as their own for all to use and see without paying to receive proper licensing or use;

42. Such actions intentionally interfered with and impaired Plaintiff's contract with his publisher and damaged him financially as he receives royalties as a result of said work;

43. Plaintiff did not discover said tortious acts until or about February 2009;

44. As a direct and proximate result of Ziehm's intentional interference with Plaintiff's contract with his publisher, Plaintiff has suffered actual damages in lost royalties and has had to hire attorneys to prosecute his claims;

45. Plaintiff further asserts that the actions by Ziehm were intentional and subject them to not only actual damages, but also punitive damages in an amount to deter them from such future similar acts;

46. Accordingly, Plaintiff asserts he is entitled to actual and punitive damages as may be determined by a jury of his peers, and for costs of this action.

Comp. ¶¶ 40-46.

The defendant asserts the plaintiff failed to allege two required elements of a tortious interference with contract claim: (1) that the defendant had any knowledge of the alleged contract the plaintiff had with his publisher and (2) that the defendant intentionally procured a breach of the contract. This court agrees with the plaintiff that the complaint provides "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the defendant's motion to dismiss (doc. 8) be denied.

May 24, 2010  s/William M. Catoe
Greenville, South Carolina  United States Magistrate Judge

4