IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Anthony Anderson, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 7:09-cv-02574-JMC |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Ziehm Imaging, Inc. a/k/a Ziehm | ) | |
| Imaging, GmbH, d/b/a Ziehm Academy, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is now before the court upon the Report and Recommendation of the Magistrate Judge, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina. In his Report and Recommendation, the Magistrate Judge reviewed Defendant Ziehm Imaging, Inc. a/k/a Ziehm Imaging, GmbH, d/b/a Ziehm Academy's ("Ziehm") Motion for Summary Judgment [Doc. 45] and recommended that the motion be granted in part and denied in part. Plaintiff Anthony Anderson ("Anderson") filed timely objections to the Magistrate Judge's Report and Recommendation. For the reasons stated below, the court accepts in part and rejects in part the Magistrate Judge's recommendation. Therefore, Ziehm's motion is granted in part and denied in part.[1]

---

[1] The court issued a preliminary ruling on Ziehm's motion on March 31, 2011, and informed the parties that the court would issue a formal order setting forth the court's findings shortly thereafter. This is the formal order of the court.

## FACTS

Anderson is an African-American male who was employed by Ziehm from 2005 through October 31, 2009. Prior to his employment with Ziehm, he was the Chief Radiologic Technologist at Swedish Medical Center, a hospital in Seattle, for 17 years. He also served in the United States Army and currently serves in the United States Army Reserves.

Anderson was hired by Ziehm as its Product Manager in the summer of 2005, originally working from Seattle, Washington. In 2007, Anderson relocated to Spartanburg, South Carolina and undertook the organization and start-up of Ziehm Academy to allegedly support Ziehm's United States' sales efforts. At the time of Anderson's move, Ziehm allegedly offered Anderson a "bridge loan" in the amount of thirty thousand dollars ($30,000.00) to help offset the financial burden of his move.

Anderson contends that he was lead to believe, and that it was Ziehm's original intention, that he would receive a promotion to a sales position comparable to that of a Regional Sales Manager upon the successful organization of Ziehm Academy. However, Anderson alleges that Ziehm ultimately reneged on its promise to promote him after Ken Smith, Ziehm's National Sales Manager, became involved in the promotion decision process. Particularly, Anderson asserts that Ken Smith harbors racial animus against persons of African-American decent and discriminated against him as a result of his racial views. Anderson also asserts that after he complained to Ziehm management about the alleged discriminatory treatment, Ziehm retaliated against him by severely cutting the operating budget for Ziehm Academy.

Additionally, in 2000, Anderson published "The Radiologic Technologist's Handbook of Surgical Procedures" through CRC Press. As a result of his contract with CRC Press, he was to

receive certain royalties from CRC Press on the sale, reproduction, and/or use of his work. Just prior to the "Introduction" section of the book is a notice to all that he is the author and CRC is the publisher. Specifically, the notice states that "Neither this book nor any part may be reproduced or transmitted in any form or by any means, electronic or mechanical, including photocopying, microfilming, and recording, or by any information storage or retrieval system, without prior permission in writing from the publisher." It further states that "[s]pecific permission must be obtained in writing from CRC Press LLC for such copying."

Anderson alleges that in or about January 2005, Ziehm took portions of his published work from "The Radiologic Technologist's Handbook of Surgical Procedures" and incorporated it into a "Ziehm Product Training Manual 1, Orthopedic Applications" purportedly under a German copyright for Ziehm Imaging GbmH. Specifically, Anderson claims Ziehm copied numerous items directly from his book to its manual without even so much as an attribution. Thereafter, Ziehm allegedly placed this manual on its website where anyone could access it. Neither Anderson nor his publisher consented to the use or reproduction of Anderson's work. Anderson did not discover Ziehm's activities until late 2008-early 2009.

As a result of Ziehm's alleged actions, Anderson brought suit against it alleging race discrimination and retaliation in violation of 42 U.S.C. § 1981. Anderson also brought a claim for breach of contract arising out of Ziehm's failure to consummate the alleged agreement to promote Anderson to a sales position. Ziehm's use of the information from Anderson's book without permission is the basis for an additional claim by Anderson against Ziehm for tortious interference with contract.

In response to Anderson's Complaint, Ziehm counterclaimed for amounts allegedly outstanding on the "bridge loan" Ziehm extended to Anderson at the time of his relocation to Spartanburg, South Carolina in 2007. Ziehm also alleged several other causes of action which are not at issue in this motion.

## STANDARD OF REVIEW

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

**A. Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). However, when a motion for summary judgment is properly made, unsupported conclusory allegations do not suffice to create a genuine issue of material fact. *Thompson v. Potomac Elec. Power Co.,* 312 F.3d 645, 649 (4th Cir. 2002). The non-moving party must show the existence of specific facts which give rise to a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324. In deciding whether there is a genuine

issue of material fact, the evidence must be viewed in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

**B. Racial Discrimination**

Anderson objects to the Magistrate Judge's recommendation to grant summary judgment on his racial discrimination claim. Anderson asserts that the Magistrate Judge erred in making certain factual determinations because the record reflects conflicting evidence presented by the parties which should be resolved by the finder of fact.

Where a plaintiff cannot present direct and indirect evidence of discrimination, a plaintiff may proceed under a burden-shifting analysis to make the requisite showing of discrimination. *Rhoads v. F.D.I.C.*, 257 F.3d 373, 391 (4th Cir. 2001) (internal quotation omitted), *cert. denied*, 535 U.S. 933 (2002). To establish a prima facie claim of discrimination for failure to promote under the burden shifting method, the plaintiff must show that: (1) he is a member of a protected class; (2) he applied for the position in question; (3) he was qualified for that position; and (4) the defendant rejected his application under circumstances that give rise to an inference of unlawful discrimination. *Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 268 (4th Cir. 2005). If the plaintiff is able to establish a prima facie case of discrimination, the burden shifts to the defendant to present a legitimate, nondiscriminatory reason for the alleged adverse employment action. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142 (2000) (internal citations omitted). If the defendant succeeds in presenting a legitimate reason, the plaintiff then must "prove by a

preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

It is undisputed that Anderson is a member of a protected class. However, Ziehm argues that Anderson cannot make out his prima facie case because Ziehm did not have an available sales position to which it could promote him. Anderson contends that Ziehm promised him the opportunity to advance to a sales position related to Ziehm's high-end product lines that would allow him to earn commissions comparable to the position of a Regional Sales Manager. In support of his contention, he presented his own testimony regarding various discussions he had with Ziehm management concerning a possible transition into a sales role. In addition to Anderson's own testimony, he provided an affidavit from a former Ziehm manager supporting his position. John Galando, a former Vice President of Sales and Vice President of Business Development with Ziehm, stated that he had recommended Anderson for a sales position as a Sales Manager or a Sales Specialist to the Chief Executive Officer and National Sales Manager of Ziehm. *See* Affidavit of John Galando, at ¶ 2.

The parties also dispute whether Anderson was qualified for a sales position. Ziehm argues that Anderson was hired, primarily, for his technical abilities and that he had not demonstrated an aptitude or ability to be successful in sales. Contrarily, Anderson submitted multiple affidavits from customers and colleagues which expressed confidence in Anderson's achievements as a salesperson. Scott Byrne, a Regional Sales Manager with Ziehm, attributed much of Ziehm's sales successes to Anderson including some of Byrne's national accounts. Byrne stated that " Anderson came to customer presentations prepared and could easily pitch or sell the product in a way that most field

reps could not replicate." Affidavit of Scott Byrne at ¶ 2. A representative from a Ziehm customer, Daniel Verbeck, also attested to Anderson's sales abilities. Verbeck indicated that Anderson was an excellent representative for Ziehm and that the company would not have purchased any Ziehm products had it not been for Anderson's services. *See* Affidavit of Daniel Verbeck at ¶ 6.

Finally, Anderson has submitted that Ziehm failed to promote him to a sales position. Ziehm does not deny that Anderson did not get an assignment to the sales position he allegedly desired. However, the parties dispute whether the circumstances give rise to an inference of unlawful discrimination. Here, Anderson has submitted evidence that several individuals of Caucasian descent were assigned to sales positions during the time frame that he alleges that he sought a sales position.

Viewing all of these facts in the light most favorable to Anderson, as the non-moving party, the court finds that Anderson has demonstrated a prima facie case. The court must next consider whether Ziehm has a legitimate, non-discriminatory reason for not promoting Anderson to a sales position within the company. Ziehm's burden is one of production and not one of persuasion. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000).

Ziehm has offered several reasons for not advancing Anderson to a sales position. First, Ziehm contends that transitioning Anderson to a sales position would not have been a promotion because he would have made less money. In its Reply in Support to its Motion for Summary Judgment, Ziehm additionally contends, for the first time, that it did not place Anderson in a sales position because Anderson declined to adhere to the requirements of the sales position - specifically, meeting quotas and targets and performing demos. *See* Affidavit of Nelson Mendes at ¶ 4. Ziehm also argues that the sales position for which Anderson claims to have applied did not exist in its

7

Southern region. However, it attempted to create a hybrid technical and sales position for Anderson, but they were never able to agree on the terms of such an arrangement. Furthermore, Ziehm asserts, again for the first time in its Reply, that the sales positions Ziehm previously staffed in-house were eliminated and outsourced to another company as a result of corporate restructuring. *See* Affidavit of Nelson Mendes at ¶ 7. Therefore, Ziehm could not have advanced Anderson to a sales position that did not exist. The court finds that these are legitimate, non-discriminatory reasons for Ziehm's decision not to place Anderson in a sales position.

Because the court determines that Ziehm has offered a legitimate non-discriminatory reason for not moving Anderson to a sales position, Anderson must come forward with sufficient evidence to demonstrate that the legitimate reason offered by Ziehm was not its true reason, but was a pretext for discrimination.

A plaintiff can prove pretext by showing that the alleged non-discriminatory explanation offered by the defendant was not its true reason and that the explanation is unworthy of credence. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000). The plaintiff may also show pretext by offering other forms of circumstantial evidence sufficiently probative of discrimination. Evidence of discriminatory animus may indicate pretext. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000). "A court may also consider stray comments that provide circumstantial evidence of discriminatory animus, in combination with other evidence." *Huang v. Gutierrez,* C.A. No. AW-08-2882, 2010 WL 93274, at *10 (D. Md. January 5, 2010) (slip copy) (citing *Warren v. Fort Lincoln Cemetery, Inc.*, No. 00-419, 2001 U.S. Dist. LEXIS 9013, 2001 WL 743199 (D. Md. June 26, 2001) (holding though employer's racial slurs were not direct evidence of discriminatory intent, the employer's "conduct may still support Plaintiff's case as circumstantial

evidence of discriminatory animus" by employer).

"The focus of a pretext inquiry is whether the employer's stated reason was honest, not whether it was accurate, wise, or well-considered." *Stewart v. Henderson*, 207 F.3d 374, 376 (7th Cir. 2000). "[W]e do not sit to appraise [the employer's] appraisal. Rather, our sole concern is whether the reason for which the defendant discharged the plaintiff was discriminatory." *Hawkins v. Pepsi Co*, 203 F.3d 274, 279-80 (4th Cir. 2000) (internal quotations and citations omitted). In addition,

> Simply because [the employee] presents evidence that the defendant['s] justification for [its] adverse employment decision may be false does not mean that [the employee's] evidence demonstrates pretext... "The ultimate question is whether the employer intentionally discriminated and proof that the employer's proffered reason is unpersuasive, or even obviously contrived, does not necessarily establish that [plaintiff's] proffered reason ... is correct... It is not enough to disbelieve the [employer]."

*Love-Lane v. Martin*, 355 F.3d 766, 788 (4th Cir. 2004) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 146-47 (2000)) (internal citations omitted). Rather, a plaintiff must demonstrate that a reasonable jury could "believe [his] explanation of intentional... discrimination." *Id.*

Anderson attempts to meet his burden of proving pretext by demonstrating the falsity of Ziehm's explanations. As mentioned above, Ziehm submits that placing Anderson in a sales position would not be a promotion, and therefore, it cannot be liable for failing to promote Anderson. In support of this claim, Ziehm claims that the three individuals for whom Anderson believes Ziehm passed him over all made far less than Anderson. However, Anderson argues in opposition that a salesperson's income potential is measured by their sales skills and that his income potential should

be compared to that of Scott Byrne which was significantly more than Anderson's. Anderson provided Scott Byrne's Affidavit in which he attests that his compensation for the year 2009 as a Regional Sales Manager was approximately $237,000.00. *See* Affidavit of Scott Byrne at ¶ 2.

Ziehm also asserts that it did not promote Anderson because he would not accept the terms of the sales position including quotas, commissions, and demonstration requirements. However, Anderson's deposition testimony directly contradicts the reasons presented by Ziehm. In direct response to Ziehm's counsel's questions, Anderson unequivocally denies ever declining to adhere to quotas and commissions. *See* Dep. Trans. of Anderson at pp. 81-82. Additionally, when questioned regarding his willingness to perform demonstrations, Anderson indicated that the responsibility of demonstrating the products fell within the duties of other employees and that he was unwilling to include within his job description sole responsibility for such demonstrations. However, Anderson also stated that he performed some demonstrations because everyone was involved in sales and demonstrations. *See id.* at pp. 129-132. Furthermore, email correspondence among Ziehm employees indicates that Anderson was willing to participate in product demonstrations. *See* [Doc. 66, Ex, 1A p. 7].[2]

Anderson also challenges Ziehm's claim that the sales position he sought did not exist for its Southern region. Although Ziehm focuses on the job title of Regional Sales Manager, Anderson's arguments are not equally constrained. The Complaint indicates that Anderson claims discrimination

---

[1]Anderson attached a supplemental affidavit and several exhibits to his Objections for the court's consideration. Although it is better practice for counsel to present arguments and evidence for the court's consideration in the initial round of briefing, under 28 U.S.C. § 636(b)(1), the court may receive additional admissible evidence. However, a party may not create a material issue of fact by filing an affidavit disputing his own sworn testimony without demonstrating a credible explanation for the conflict. *See Barwick v Celotex Corp.*, 736 F2d 946, 959 (4th Cir. 1984)

in Ziehm's failure to promote him to a sales position generally, and specifically as related to high-end sales of Ziehm's 3D and vascular products. While Anderson has measured his expected compensation based on that of Regional Sales Managers, the record is not clear that Anderson has ever claimed Ziehm failed to promote him to that particular position. In furtherance of the argument that the position did not exist, Ziehm notes that it attempted to create a hybrid position for Anderson which would incorporate Anderson's Ziehm Academy duties and the sales role he desired, but that the effort was unsuccessful. The record contains several email documents regarding the creation of the high end sales role and Anderson has submitted some of these documents as evidence of his claim that Ziehm promised to advance him to that sales position. *See* Affidavit of Nelson Mendes, Ex. 4.; Ziehm's Reply, Ex. 6 [Doc. 57-6].

Finally, although Ziehm contends that Anderson was not placed in a sales position due to corporate restructuring, there is some evidence that Ziehm Academy and in-house sales positions existed at the time of the alleged discrimination. The parties have acknowledged that Anderson was still employed by Ziehm in his role at Ziehm Academy upon the commencement of this lawsuit. The parties have also acknowledged that the sales personnel, which Anderson claims Ziehm promoted instead of advancing him as allegedly promised, were still in sales positions when the suit began. These circumstances belie Ziehm's assertions that it did not place Anderson in a sales position because the sales positions Ziehm previously staffed in-house were eliminated and outsourced to another company as a result of corporate restructuring.

Based on the evidence in the record and viewing the facts in the light most favorable to the non-moving party, the court finds that there are material issues of fact as to the reasons Anderson was not placed in a sales position with Ziehm.

Anderson also offers circumstantial evidence of discriminatory motive. Anderson submits that Ziehm displayed discriminatory animus by portraying him as a Caucasian male in publications. Ziehm admits that it used a photograph of a Caucasian male in place of Anderson's photograph, but claims that it was only a "dummy" photograph which would have been replaced when Anderson submitted a true photograph. Ziehm also asserts that the photograph was never made public. Anderson challenges Ziehm's assertions in his testimony and in the affidavit submitted by Scott Byrne. Both Anderson and Byrne state that the photograph was published on Ziehm's website, in direct contradiction of Ziehm's assertions. Anderson also contends that Ken Smith, one of the Ziehm managers integrally involved in the decision to advance Anderson to a sales position, harbors racial animus which impacted Ziehm's decision not to advance him to a sales position. Anderson alleges that Smith made multiple racially derogatory statements. The only statement which Anderson has corroborated is a single statement Smith allegedly made to another employee about an African-American female employee. The comment was made several months prior to the alleged discriminatory employment decision. Anderson also alleges that Smith made derogatory comments to another employee about Anderson, but there is no evidence regarding the timing of the statement or any testimony from the employee who allegedly heard the statement directly. The court tends to agree with the Magistrate Judge's assessment that these incidents are too remote to indicate discriminatory animus in and of themselves. However, the court need not conclude that Anderson's evidence regarding racial animus can carry the day.

Courts often "misconceive[] the evidentiary burden borne by plaintiffs who attempt to prove intentional discrimination through indirect evidence." *Reeves*, 530 U.S. at 146. "In appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the

employer is dissembling to cover up a discriminatory purpose. Such an inference is consistent with the general principle of evidence law that the fact-finder is entitled to consider a party's dishonesty about a material fact as "affirmative evidence of guilt." *Id*. at 147. "Thus, a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Id*. at 148.

That is not to say that this court is persuaded that a discriminatory reason motivated the promotion decision or that it is convinced that Ziehm's proffered explanations are worthy of credence. However, Anderson has provided enough evidence to survive summary judgment on this claim.

## C. Remaining Claims Addressed by the Magistrate Judge

The court finds that the Magistrate Judge appropriately addressed Anderson's retaliation claim, breach of contract claim, and tortious interference with contract claim. The court also agrees with the Magistrate Judge's analysis of Ziehm's breach of contract claim. Accordingly, the court adopts those portions of the Report and Recommendation and incorporates them herein without a recitation.

The court makes no finding as to Ziehm's remaining state law claims because neither party moved for judgment as to those causes of action.

## CONCLUSION

For the reasons set forth above, the court accepts in part and rejects in part the Magistrate Judge's Report and Recommendation [Doc. 61]. Defendants Ziehm Imaging, Inc. a/k/a Ziehm Imaging, GmbH, d/b/a Ziehm Academy's Motion for Summary Judgment [Doc. 45] is **GRANTED IN PART AND DENIED IN PART**. Specifically, the court grants summary judgment as to Anderson's

claims for retaliation, breach of contract and tortious interference with contract. The court denies summary judgment as to Anderson's claim for discrimination. The court further denies summary judgment as to Ziehm's claim for breach of contract.

**IT IS SO ORDERED.**

s/ J. Michelle Childs
United States District Judge

April 12, 2011
Greenville, South Carolina